UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

MR. AUGUSTINE M. TOGBA,

Plaintiff,

v.

U.S. ATTORNEY, and
MR. RICHARD T. WYLIE,

Defendants.

---

Civil No. 01-1916 (JRT/FLN)

**ORDER**

Plaintiff commenced this action by filing a pleading entitled "Title VII Complaint And Motion For Other Relief." (Docket No. 1.) He did not tender the $150 filing fee with his pleading, (as required by 28 U.S.C. § 1914(a)), but instead filed a request for leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915. (Docket No. 2.) Thus, the matter is now before the Court for the purpose of determining whether Plaintiff should be granted IFP status.

Plaintiff's IFP application shows that he is currently employed, but it provides no information about the nature of his employment or the amount of his income. Plaintiff failed to complete the section of the IFP application form that directs him to "state the amount of your take-home salary or wages and pay period and give the name and address of your employer." (IFP Application Form, (Docket No. 2), ¶ 2.a.)

Because Plaintiff has not properly completed his IFP application form, it cannot be determined whether he is truly unable to pay the statutory filing fee and other costs. Plaintiff's IFP application will therefore be denied.

FILED OCT 2 6 2001
RICHARD D. SLETTEN, CLERK
DEPUTY CLERK

The Court recognizes, however, that Plaintiff may indeed qualify for IFP status, and he will therefore be given an opportunity to submit a new IFP application form. Plaintiff must fill out the new form accurately and completely, and file it with the Court as an "Amended IFP Application." The Court will then determine whether Plaintiff is eligible for IFP status based on the information appearing in the Amended IFP Application form. The Court will also then consider whether Plaintiff's complaint states a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2).[1] In the alternative, of course, Plaintiff may pay the regular $150 filing fee.

If Plaintiff does not pay the regular filing fee or file an Amended IFP Application by November 30, 2001, he will be deemed to have abandoned this action, and it will be recommended that the action be dismissed, without prejudice, pursuant to Fed. R. Civ. P. 41(b).

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY ORDERED that:

1. Plaintiff's IFP Application (Docket No. 2) is **DENIED WITHOUT PREJUDICE**; and

[1] Even if Plaintiff does file an amended IFP application showing that he is indeed indigent, his current complaint is likely to be dismissed for failure to state an actionable claim. Plaintiff's pleading appears to be defective, because it does not clearly identify the parties who are being sued, and it does not adequately describe what, specifically, each individual defendant allegedly did or failed to do that would cause such defendant to be legally liable to Plaintiff. If Plaintiff is intent on pursuing this matter, it would be behoove him to try to cure the defects in his current pleading, by filing an amended complaint with his amended IFP application. See Fed. R. Civ. P. 15(a).

2. Plaintiff shall pay the regular $150 filing fee or file an Amended IFP Application, on or before November 30, 2001, failing which it will be recommended that the action be dismissed without prejudice.

Dated: Oct. 25, 2001

FRANKLIN L. NOEL
Chief Magistrate Judge