UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Augustine M. Togba,

Civil No. 01-1916 JRT/FLN

Plaintiff,

**REPORT AND RECOMMENDATION**

vs.

United States and Richard Wylie[1],

Defendants.

---

Augustine M. Togba, *pro se.*
Gregory Booker, Assistant United States Attorney, for Defendant United States Attorney.
Richard Wylie, Esq., for Defendant Richard Wylie.

---

**THIS MATTER** came for a hearing before the undersigned United States Magistrate Judge on February 15, 2002, on Defendant United States' Motion to Dismiss [#8]. The matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons which follow, this Court will recommend that Defendant United States' Motion to Dismiss [#8] be granted.

## I. FINDINGS OF FACT

This case arises out of a previous class action settlement in this Court in which a class of approximately 242 African-American employees of the United States Postal Service alleged that the defendant subjected them to a racially hostile work environment and retaliated against them due to

[1] Mr. Togba originally filed this suit naming the United States Attorney as a defendant. However, pursuant to 28 U.S.C. § 2679, this action shall be deemed "an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant." Id.

FILED MAR 26 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

complaints about racial harassment. See April Clark v. Marvin Runyon, Civil No. 4-95-737 JRT/RLE. Plaintiff Augustine Togba ("Mr. Togba") was a transitional employee at the Minneapolis Post Office from December 14, 1993, to December 7, 1994. As such, he was a bargaining unit employee within the meaning of the class definition; however, he was not identified on U.S Postal Service records as an African-American and his name did not appear on the class list generated by the Post Office. After a number of years of litigation, the parties reached a proposed settlement, which the Court was asked to approve. See id., Docket Nos. 208-209. On April 29, 1999, the Honorable John R. Tunheim, United States District Court Judge ("Judge Tunheim") granted the parties' motion for preliminary approval of the proposed settlement, setting of fairness hearing, notice of proposed settlement and deposit of the settlement fund. Id., Docket No. 210. The Notice of Proposed Settlement of Class Action and Hearing on Proposed Settlement also provided that each class member had to a file proof of claim by July 28, 1999. Id., Docket No. 211.

On May 20, Objectors' Counsel, Smith & Udoibok Law Firm, filed objections to the proposed settlement, in which they criticized class counsel's conduct in the case. Id., Docket No. 216. On June 8, 1999, Class Counsel, Mr. Wylie, wrote a letter to Judge Tunheim identifying a significant number of Objectors, including Mr. Togba, who were not listed as class members. See April Clark v. Marvin Runyon, Civil No. 4-95-737 JRT/RLE, Docket No. 223. Objector's counsel, were sent copies of this letter. See id. Despite the fact that Mr. Togba's signature appeared on the affidavit of class members who objected to the class settlement, he took no steps to file a timely claim to the settlement fund.

On July 16, 1999, Objector's Counsel filed a motion for an Order staying the date by which class members had to file proofs of claim. Id., Docket No. 238. On August 16, 1999, Judge

Tunheim issued an Order overruling the objections and approving the proposed settlement in all respects. Id., Docket No. 243. This Order also granted the Objector's motion to stay the operation of the ninety day deadline for filing proofs of claim for an additional thirty days from the date of the Order. id. Judge Tunheim also directed that "*[w]ithin three (3) days of receipt of [his] Order, Objectors Counsel shall notify all objectors . . . of 1) the new deadline, 2) the fact that the filing of a proof of claim does not waive the Objector's right to object to the settlement, including an appeal (if taken), and 3) if an Objector has misplaced the proof of claim form, he or she should contact Class Counsel who will provide a new one.* Likewise, within three (3) days of the date of this Order, Class Counsel shall notify any class member . . . who is not an Objector, but whom Counsel knows has failed to file a proof claim because of false or misleading information that member received regarding the effect of filing a claim. In addition, upon request of any class member, Class Counsel shall provide that member with a new proof of claim form." Id. ¶ 7 at 32-33 (emphasis added). It is clear to this Court that Judge Tunheim's Order placed the responsibility of informing Objectors about the revised date for filing proofs of claim on Objectors Counsel; however, despite this Order, Mr. Togba still took no steps to file a claim to the settlement fund.

On August 26, 1999, Objectors appealed Judge Tunheim's August 16, 1999, Order to the Eighth Circuit Court of Appeals. Id., Docket No. 247. On October 20, 1999, Judge Tunheim granted Defendant's motion to stay the case and his August 16, 1999, Order, pending resolution of the Objector's appeal. See April Clark v. Marvin Runyon, Civil No. 4-95-737 JRT/RLE, Docket No. 254. On December 23, 1999, Judge Tunheim entered judgment as delineated in his August 16, 1999, Order, pursuant to Fed. R. Civ. P. 54(b); however, he also noted that all stays were effective until further order. Id., Docket No. 262. On January 3, 2000, Objectors filed another appeal of Judge

Tunheim's Order and Judgment entered on August 16, 1999, September 3, 1999, and December 23, 1999. Id., Docket No. 263.

On January 31, 2000, the Eighth Circuit Court of Appeals dismissed the Objectors' appeal as premature. Id., Docket No. 269. On April 4, 2000, Judge Tunheim lifted the stay imposed on the implementation of the settlement agreement and ordered the parties to submit proposed scheduling orders addressing deadlines set forth in the settlement agreement. Id., Docket No. 272. On April 21, 2000, the Court issued an Order implementing the settlement and further staying the deadline for submitting proofs of claim for an additional twenty days from the date of the Order, that is, May 11, 2000. See April Clark v. Marvin Runyon, Civil No. 4-95-737 JRT/RLE, Docket No. 276. Despite these extensions, it does not appear that Mr. Togba still took any steps to file a claim to the settlement fund. On December 6, 2000, Judge Tunheim issued an Order striking certain allegations of class members objections to the proposed settlement for containing numerous misrepresentations and imposing Fed. R. Civ. P. 11 sanctions against Objector's Counsel. See id., Docket No. 343.

The settlement was finally disbursed on April 25, 2001, per Judge Tunheim's Order. Id., Docket No. 360. Approximately six months later on October 18, 2001, Mr. Togba filed the instant action alleging that the United States Attorney inappropriately excluded him from recovery of his share of the settlement by falsifying postal employee records and failing to give him notice of the settlement.

## II. CONCLUSIONS OF LAW

### A. Standard of Review

Federal courts are not courts of general jurisdiction and have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto. See Marine Equipment Management Co. v. U.S., 4 F.3d 643, 646 (8th Cir. 1993), citing Bender v. Williamsport Area High School Dist., 475 U.S. 534, 541 (1986). A federal court has a duty to inquire whether the vital prerequisite of subject matter jurisdiction has been satisfied. See Bradley v. American Postal Workers Union, AFL-CIO, 962 F.2d 800, 802 n.3 (8th Cir. 1992). When it appears the court lacks jurisdiction, jurisdiction may not be waived. See Agrashell Inc. v. Hammons Products Co., 352 F.2d 443, 447 (8th Cir. 1965).

In addressing a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the court must accept as true all facts pled by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party. See Potthoff v. Morin, 245 F.3d 710, 715 (8th Cir. 2001).

Dismissal for lack of subject matter jurisdiction will not be granted lightly. See Wheeler v. St. Louis Southwestern Ry. Co., 90 F.3d 327, 329 (8th Cir. 1996); citing Bowe v. Northwest Airlines, Inc., 974 F.2d 101, 103 (8th Cir. 1992), cert. denied, 507 U.S. 992 (1993). It should be granted sparingly and with caution. See Huelsman v. Civic Center Corp., 873 F.2d 1171, 1174 (8th Cir. 1989). Dismissal is proper, however, when a facial attack on a complaint's alleged basis for subject matter jurisdiction shows there is no basis for jurisdiction. See Wheeler, 90 F.3d at 329. When it clearly appears that the court lacks jurisdiction, the court has no authority to reach the merits, but rather, should dismiss the action. See Melo v. U.S., 505 F.2d 1026, 1030 (8th Cir. 1974).

**B. Defendant's Motion to Dismiss**

The United States, as sovereign, is immune from suit save as it consents to be sued and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit. See U.S. v. Mitchell, 445 U.S. 535, 538 (1980), citing U.S. v. Sherwood, 312 U.S. 584, 586 (1941). Any waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." See Mitchell, 445 U.S. at 538, quoting U.S. v. King, 395 U.S. 1, 4, 89 S.Ct. 1501, 1503, 23 L.Ed.2d 52 (1969). A waiver of immunity, if it exists at all, should be sought in the statute giving rise to the cause of action. See Murray v. U.S., 686 F.2d 1320, 1325 (8th Cir. 1982), cert. denied, 459 U.S. 1147 (1983). Not surprisingly, the party invoking jurisdiction bears the burden of alleging that jurisdiction exists. See FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990).

In the instant case, Mr. Togba has failed to cite any jurisdictional basis for this cause of action, any statute waiving the Government's immunity from suit or any source of Government consent to his suit.[2] Assuming arguendo, that this Court ignored Mr. Togba's failure to allege a jurisdictional basis for this action, the *sine qua non* of his Complaint is that the U.S. Attorney engaged in fraud and deceit by falsifying postal records so as to exclude him from the settlement and failed to notify him of the settlement. Thus, the Complaint sounds in tort and would be actionable under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq. The purpose of the FTCA is to compensate private parties for injury or loss of property caused by the negligent or wrongful act or omission of any employee of the government while acting in the scope of his or her office of

[2] Although captioned as an employment discrimination suit, it is clear to this Court that none of the Defendants in this case ever subjected Mr. Togba to a racially hostile work environment. Therefore federal statutes prohibiting employment discrimination cannot provide the jurisdictional basis for this cause of action.

employment. See 28 U.S.C. §§ 1356(b), 2674. The FTCA is only a limited relinquishment of sovereign immunity, however, and specific exceptions to this general waiver of immunity can be found at 28 U.S.C. § 2680(a)-(n).

Specifically, 28 U.S.C. § 2680(h) provides that:

> The provisions of this chapter and section 1346(b) of the title shall not apply to . . .
>
> (h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights.

Id. Therefore, by its very terms, the FTCA excludes claims based on fraud, deceit and misrepresentation, and thus, this Court lacks subject matter jurisdiction over Mr. Togba's suit.

Thus, in viewing the evidence in the light most favorable to Mr. Togba, this Court concludes that dismissal of this action pursuant to Rule 12(b)(1) is proper. Accordingly, this Court will recommend that Defendant's Motion to Dismiss [#8] be granted.[3]

## III. RECOMMENDATION

Based upon the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

---

[3] As noted earlier, it is undisputed that Judge Tunheim's August 16, 1999, Order, specifically placed the responsibility of informing Objectors about the revised date for filing proofs of claim on Objectors' Counsel, the Smith and Udoibak Law Firm. The record is silent concerning whether Objectors' Counsel complied with Judge Tunheim's Order and notified Mr. Togba about the revised date for filing his proof of claim or the circumstances surrounding Mr. Togba's failure to file a timely proof of claim. However, the Court observes that several other Objectors who were identified in Mr. Wylie's June 8, 1999, letter as not being listed as class members appeared to have notice of the settlement and did file timely proofs of claim. This Court expresses no opinion on whether Mr. Togba would have any cause of action against Objectors' Counsel.

1. Defendant United States' Motion to Dismiss [#8] be **GRANTED**.[4]

DATED: March 26, 2002

FRANKLIN L. NOEL
UNITED STATES MAGISTRATE JUDGE

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, within ten days of service of this Report and Recommendation, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service of the objections. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.

[4] As it clearly appears that this Court lacks jurisdiction over the subject matter of the Complaint, we have no authority to reach the merits and thus will not address Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).