**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

AUGUSTINE M. TOGBA,

Plaintiff,

v.

UNITED STATES OF AMERICA[1] and RICHARD WYLIE,

Defendants.

Civil No. 01-1916 (JRT/FLN)

**ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

---

Augustine Togba, 5159 Dupont Avenue North, Minneapolis, MN 55430, *pro se*.

Mary L. Trippler, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for defendant United States of America.

Richard T. Wylie, WYLIE LAW OFFICE, 701 Fourth Avenue South, Minneapolis, MN 55415, for defendant Richard Wylie.

Plaintiff Augustine Togba ("Togba"), a former employee of the United States Postal Service ("USPS"), filed a complaint alleging that the United States Attorney

---

[1] Togba originally filed this suit naming the United States Attorney as a defendant. As the Magistrate Judge noted, pursuant to 28 U.S.C. § 2679, this action shall be deemed "an action against the United States . . . and the United States shall be substituted as a party defendant." 28 U.S.C. § 2679(d).

SEP 30 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD. SEP 30 2002
DEPUTY CLERK

inappropriately prevented him from recovering his share of a class action settlement, by falsifying postal employee records and failing to give him notice of the settlement. This matter is now before the Court on Togba's objections to the Report and Recommendation of United States Magistrate Judge Franklin L. Noel, dated March 26, 2002. The Magistrate Judge recommended granting the motion of defendant United States (the "government") to dismiss. The Court has conducted a *de novo* review of Togba's objections pursuant to 28 U.S.C. § 636 (b)(1)(C) and D. Minn. LR 72.1(c)(2). For the reasons set forth below, the Court adopts the Report and Recommendation, and grants the government's motion to dismiss for lack of subject matter jurisdiction.

## BACKGROUND

This case arises out of a federal class action lawsuit[2] in this Court, in which 242 African-American employees alleged that the USPS subjected them to a racially hostile work environment and retaliated against them for filing complaints of racial harassment. Togba was a transitional employee at the Minneapolis Post Office from December 14, 1993 to December 7, 1994. Although he qualified for the class, USPS records did not identify him as an African-American, and his name did not appear on the class list that the USPS generated. After several years of litigation, the parties reached a proposed settlement, which this Court was asked to approve. The Court granted preliminary approval to the proposed settlement on April, 29, 1999. The Court also approved a notice to class members, which announced that each class member had until July 28, 1999 to

[2] The class action suit is *Clark v. Runyon*, Civ. No. 95-737.

file a proof of claim. Over the following months, this deadline would be extended several times.

On May 20, 1999, a number of individuals (the "Objectors") filed objections to the proposed class settlement. On June 8, 1999, Class Counsel, defendant Richard Wylie ("Wylie"), provided the Court with a list of Objectors, including Togba, who were not listed as class members. Objectors' Counsel were sent copies of this letter. Although Togba's signature appeared on the affidavit of Objectors opposing the class settlement – indicating he was familiar with the case status – he did not file a timely proof of claim to the settlement fund.

On August 16, 1999, this Court overruled Objectors' objections, and approved the proposed settlement in all respects (the "August 16, 1999 Order"). As part of this Order, the Court imposed a stay on the deadline for filing proofs of claim, which added another 30 days to the normal 90-day deadline. The Court also instructed Objectors' Counsel to inform all Objectors of the new deadline, and added that an Objector's filing a proof of claim does not waive that Objector's right to the settlement. As the Magistrate Judge noted, this Court placed the responsibility of informing Objectors about the revised deadline squarely upon Objectors' Counsel, not Class Counsel. Despite this Order and extended deadline, Togba still took no steps to file a proof of claim.

On August 26, 1999, the Court imposed a stay on its August 16, 1999 Order, pending resolution of an appeal that Objectors filed with the United States Court of Appeals for the Eighth Circuit. This stay delayed even longer the time that individuals had to file settlement claims. Objectors' appeal was dismissed by the Eighth Circuit on

January 31, 2000. On April 4, 2000, the Court lifted the stay imposed on implementation of the settlement agreement,[3] and issued a final order implementing the settlement on April 21, 2000. The deadline for submitting proofs of claim had still not expired, and the Court extended it once more, to May 11, 2000. Thus, Togba had more than one year from the Court's preliminary approval of the settlement until the final deadline in which to file a proof of claim. During this time, the deadline was extended by more than nine months. Still, Togba never took action to file a proof of claim.

The settlement was finally disbursed on April 25, 2001. Nearly six months later, on October 21, 2001, Togba filed the present action.

## ANALYSIS

### I. Standard of Review

When evaluating a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the Court must view all facts in the light most favorable to the non-moving party, and grant all reasonable inferences from the pleadings in favor of the non-moving party. *See Potthoff v. Morin,* 245 F.3d 710, 715 (8th Cir. 2001). "Dismissal for lack of subject matter jurisdiction will not be granted lightly." *Wheeler v. St. Louis Southwestern Ry. Co.,* 90 F.3d 327, 329 (8th Cir 1996). Dismissal is proper, however, when a facial attack shows that a complaint has no basis for subject matter jurisdiction. *Id.* When it clearly appears that the Court lacks jurisdiction, the Court has no authority to reach the

[3] The Court had entered judgment on December 23, 1999, recognizing that the stay was still in effect.

merits, and should dismiss the action. *Melo v. United States*, 505 F.2d 1026, 1030 (8th Cir. 1974).

**II. Government's Motion to Dismiss**

The Magistrate Judge determined that Togba asserted no jurisdictional basis for his claim, but the Magistrate Judge inferred that Togba's complaint of fraud by the U.S. Attorney sounded in tort. Such a claim would be governed by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 *et seq.* The Magistrate Judge determined, however, that the Court had no jurisdiction over Togba's claim, because the FTCA specifically excludes claims for fraud, deceit, and misrepresentation from those tort actions that may be brought against the United States. *See* Rep. & Rec. at 6-7.

Togba's principal objection to the Magistrate Judge's Report and Recommendation is that it will not permit him to receive money from the settlement fund. *See* Obj. at 1 ("The main issue in this case is that, who is going to pay me . . . the settlement money that was paid to all the qualified Class members?"). Clearly, this is not a proper objection to the Magistrate Judge's jurisdictional determination. Rather, Togba is simply unhappy with the results. He does not cite any reason why the Magistrate Judge's determination was incorrect, nor any basis for this Court to reach a different outcome. Therefore, because Togba has articulated no reasons why this Court has jurisdiction, the Court must agree with the Magistrate Judge and conclude that it has no authority to hear Togba's claims. Accordingly, the Court will dismiss the Complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1).

Togba does offer four additional objections, three of which are relevant to the government.[4] These allegations do not address jurisdictional matters, but rather the merits of Togba's claim. Because this Court does not have jurisdiction over the subject matter of Togba's claim, it need not address these arguments. However, even if the Court did reach those objections, they would be without merit.

Togba's first objection is that he has never seen proof that his name is on the list of Objectors to the proposed settlement. A copy of the Objectors' May 20, 1999 filing to this Court is IN the record, and includes Togba's notarized signature. *See* Dicks Dec. Ex. 3. This demonstrates that at least as of May 20, 1999, Togba was aware that he was part of the class and that a settlement was pending.

Second, Togba argues that USPS falsified personnel records to limit its liability in the class action case. Togba has provided absolutely no evidence to support this allegation. Moreover, as the government notes, the amount of the class settlement was fixed, and would have been the same no matter how many claims were filed. Finally, Togba argues that he should receive a jury trial to resolve his claims. This objection is also unavailing, because Togba is bound by the terms of the settlement agreement and cannot pursue separate claims to obtain settlement funds.

Togba clearly feels that he was unfairly deprived of settlement funds to which he was entitled as a class member. The record is clear that Togba had ample opportunity to file a claim, though it is unclear why he did not do so. In its August 16, 1999 Order, this

---

[4] The fourth relates to defendant Wylie, who is not a party to this motion.

Court explicitly charged Objectors' Counsel, the Smith and Udoibok Law Firms, with the responsibility to notify all Objectors – of which Togba was one – of the revised date for filing proofs of claim. As the Magistrate Judge noted, several Objectors apparently did file timely proofs of claim to the settlement funds. However, the record is silent on whether Objectors' Counsel complied with the Court's Order and informed Togba of information that he was entitled to know. The Court echoes the Magistrate Judge in expressing no view on whether Togba would have any cause of action against Objectors' Counsel. It is clear, however, that whatever the inherent virtues of Togba's claim to settlement funds, this Court has no jurisdiction over his present lawsuit.

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, the Court **OVERRULES** plaintiff's objections [Docket No. 21] and **ADOPTS** the Magistrate Judge's Report and Recommendation [Docket No. 20]. Accordingly, **IT IS HEREBY ORDERED** that defendant United States of America's Motion to Dismiss [Docket No. 8] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: Sept. 30, 2002
at Minneapolis, Minnesota.

John R. Tunheim
JOHN R. TUNHEIM
United States District Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.